UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10CR-62-H

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.

TIMOTHY JOHNSTON                                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The United States has moved for a restitution order to compensate a victim of sexual exploitation through the use of child pornography which Defendant, Timothy Johnston, has admitted to have possessed. The particular question presented here is whether the harm suffered by victims depicted in images of child pornography can be established to be proximately caused by "end users" such as Defendant.

I.

On May 10, 2010, a federal grand jury charged Johnston with knowingly receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). On May 13, 2010, ICE agents arrested Johnston at his residence pursuant to an arrest warrant issued following return of the above-referenced Indictment. While conducting a safety sweep of the residence, ICE agents observed computers and computer parts and hard drives strewn about the residence. After Johnston declined to give consent for a search, the lead investigator obtained a federal search warrant for the computers and related items. Forensic examination of the computers and related items revealed 510 images depicting child pornography (125 in allocated space and 375 in unallocated space). Additionally, 12 videos depicting child pornography were identified.

On October 19, 2010, Johnston pled guilty to the original Indictment, pursuant to a written Plea Agreement. The parties entered into the agreement under Fed. R. Crim. P. 11(c)(1)(C). The United States provided information to the United States Probation Officer responsible for preparing the Presentence Investigation Report (PSR), including a request and supporting documentation regarding restitution for one of the child victims identified in Johnston's collection of child pornography images. The PSR referenced the request and supporting materials. This Court accepted the Plea Agreement and sentenced Johnston to 15 years' imprisonment followed by a life term of supervised release. This motion followed.

II.

Chapter 110 of the United States Code (18 U.S.C. § 2251, *et seq.*) governs criminal conduct concerning the sexual exploitation and other abuse of children. The Chapter includes a mandatory restitution statute, *i.e.*, 18 U.S.C. § 2259. The statute provides as follows:

> (a) **In general**.–Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
>
> (b) **Scope and nature of order.**--
> > (1) **Directions**.–The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
> > (2) **Enforcement.**–An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.
> > (3) **Definition**.–For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for–
> > > (A) medical services relating to physical, psychiatric, or psychological care;
> > > (B) physical and occupational therapy or rehabilitation;
> > > (C) necessary transportation, temporary housing, and child care expenses;
> > > (D) lost income;

(E) attorneys' fees, as well as other costs incurred; and
(F) any other losses suffered by the victim as a proximate result of the offense.
 (4) **Order mandatory**.--
  (A) The issuance of a restitution order under this section is mandatory.
  (B) A court may not decline to issue an order under this section because of–
   (i) the economic circumstances of the defendant; or
   (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

(c) **Definition.**–For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

Six circuit courts have upheld that even those convicted of receiving or possessing child pornography–the categories of child pornography offenses widely considered "less" harmful than production and distribution–may be liable for restitution. *United States v. Baxter*, No. 09-30364, 2010 WL 3452537 at *1 (9th Cir. Aug. 30, 2010); *United States v. Scott*, 410 F. App'x 166 (10th Cir. 2011); *United States v. McDaniel*, 631 F.3d 1204 (11th Cir. 2011). As the Ninth Circuit reasoned, mere possession can be established as the proximate cause of a victim's injury by showing that the victim's "harm [is] generally foreseeable to casual users of child pornography." *Baxter*, 2010 WL 3452537 at *1. Similarly, the Eleventh Circuit has explained that the prosecution's burden of proving proximate cause can be met by showing how a victim's knowledge of usage or possession of his or her images "adds to the 'slow acid drip' of trauma and exacerbates . . . emotional issues." *McDaniel*, 631 F.3d at 1209. In upholding a restitution award, the Tenth Circuit noted that "there is no maximum limitation on the amount of restitution that may be imposed under the applicable mandatory restitution statute for sexual exploitation

3

and other abuse of children." *Scott*, 410 F. App'x at 167.

In addition, the Court notes that the Second, Fifth[1], and District of Columbia Circuits have also recognized that restitution may be awarded to victims in child pornography possession cases.[2] *See United States v. Aumais*, 656 F.3d 147, 152 (2d Cir. 2011); *United States v. Wright*, 639 F.3d 679, 684-85 (5th Cir. 2011); *United States v. Monzel*, 641 F.3d 528, 535 (D.C. Cir. 2011). While none of cases are binding on this Court, the Sixth Circuit has yet to rule on this issue, and they thus provide useful guidance to our analysis.

Among these courts, the real divergence of views concerns the "proximate cause" analysis. Both the District of Columbia and Second Circuits have held that the proximate cause requirement derives from traditional tort and criminal law principles, as well as § 2259(c)'s definition of "victim" (as an individual harmed "as a result" of a defendant's act), not the statutory language itself. The remaining circuits apply the § 2259(b)(3)(F) "proximate cause" reference to the entire Section, not just the subsection in which the term is found. Setting aside this nuance, this Court agrees with the majority of circuits that victims' injuries must be proximately caused by the possession of their images. The next challenge is determining if proximate cause is present.

---

[1] The Fifth Circuit does not require a showing of proximate cause. Rather, it interprets the statute as requiring "proximate cause" only for the catchall category of "other losses." Thus, it holds defendants jointly and severally liable for restitution, allowing them to seek contribution from other persons who possess images of the same victim. *In re Amy Unknown*, 636 F.3d 190, 198-99 (5th Cir. 2011).

[2] Although the Second Circuit has yet to hold proximate cause of a victim's injuries present in a child pornography possession case, it has expressly indicated that it does "not categorically foreclose payment of restitution to victims of child pornography from a defendant who possesses their pornographic images." *United States v. Aumais*, 656 F.3d 147, 155 (2d Cir. 2011). In *Aumais*, the report relied upon by the prosecution to establish proximate cause was based upon observations of and interviews with the victim *before* the defendant was arrested. The Second Circuit held as a matter of law, therefore, that the victim's injuries could not be proximately caused by the defendant's possession of images of the victim. *Id*.

4

Generally speaking, "[p]roximate cause" exists when an "injury is a natural and probable consequence of the negligence or wrongful act, and [] it ought to have been foreseen in the light of the attending circumstances." *Johnson v. Kosmos Portland Cement Co.*, 64 F.2d 193, 195 (6th Cir. 1933). "Injuries have countless causes, and not all should give rise to legal liability." *CSX Transp., Inc. v. McBride*, 131 S.Ct. 2630, 2637 (2011) (citation and internal quotation marks omitted). Therefore, in light of "convenience, of public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point." *Id*. (citing *Palsgraf v. Long Island R.R. Co.*, 162 N.E. 99, 103 (1928) (Andrews, J., dissenting)).

### III.

The question presented here is whether the United States has shown that the victim's injuries were the proximate result of Johnson's conduct. Certainly, those who had contact with the victim were the proximate cause of the invasion of privacy and trauma associated with production of the child pornography. Those persons and those who then directly distributed the materials could be liable for the full amount of the victim's losses.

Determining that possession of the material alone amounts to proximate cause for any of the damages and, if so, what proportion of them, is much more challenging. The circuit courts which have addressed this issue commonly require some showing that a particular defendant's possession injured the victim. In *United States v. Aumais*, the Second Circuit reversed a magistrate judge's holding that proximate cause was established based on evidence showing only that the defendant generally participated in the audience of persons who viewed the victim's images. 656 F.3d at 154-55. Furthermore, the victim had no direct contact with the defendant nor was aware of his existence. Finally, the medical expert's evaluation of the victim, upon

5

which the requested damages were calculated, occurred prior to the defendant's arrest. *Id.* Similarly, the Ninth Circuit, in *United States v. Kennedy*, held that the government failed to meet its burden of proof by failing to produce any evidence establishing the "causal connection" between the defendant's conduct and the specific losses incurred by victims. 643 F.3d 1251, 1263 (9th Cir. 2011). Consistent with these approaches, the Eleventh Circuit upheld a restitution award where a victim received notification that a defendant has been arrested for viewing the victim's images, and the government presented evidence showing the effect of such notification on the victim. *McDaniel*, 631 F.3d at 1209.

Here, very little evidence has been produced to establish proximate cause between Johnson's possession of images depicting the victim and the victim's injuries. As the United States explains, "Clearly, the child depicted in the [image] has been, and continues to be victimized and harmed by individuals such as Johnston who seek out the images capturing her sexual violation and humiliation." While this assertion may be generally true, it fails to establish how Defendant's possession is the proximate cause of specific injuries. For instance, the United States does not prove when the victim became aware of Defendant's possession, how this impacted the victim, and whether the victim has since suffered medical expenses or other challenges. Moreover, the requested restitution amount is unsupported by any evidence, expert or otherwise. Simply stated, the United States' conclusory assertion that proximate cause exists is insufficient to warrant ordering restitution. The Court concludes that the United States has failed to show that Johnston's conduct is the proximate cause of the victim's damages.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of the United States for a restitution order is DENIED.

This is a final order.

cc: Counsel of Record